IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: C. R. BARD, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2187 |
| THIS DOCUMENT RELATES TO: | JOSEPH R. GOODWIN U.S. DISTRICT JUDGE |
| PASTORA CESPEDES, Plaintiff, v. C. R. BARD, INC., Defendant. | Case No. 2:13-cv-21538 |

## C. R. BARD, INC.'S RESPONSES AND OBJECTIONS TO NOTICE OF VIDEO DEPOSITION OF STEPHEN TANNENBAUM, M.D.

Defendant C. R. Bard, Inc. (hereinafter "Bard") objects and responds to the document requests attached in Exhibit A of Plaintiff's Notice of Video Deposition of Stephen Tannenbaum, M.D. ("Notice") as follows:

### GENERAL OBJECTIONS

1.

Bard objects to the Notice to the extent it seeks to increase or otherwise modify the burdens and obligations created by the Federal Rules of Civil Procedure on the grounds that the requests contained therein are overly broad and unduly burdensome.

2.

Bard objects to the Notice to the extent it seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, patient confidentiality, or any other applicable immunity or privilege. Inadvertent revelation of any protected information or

documents will not constitute a waiver of any privilege or any other ground for objection to discovery of the protected information and will not waive the right of Bard to object to the use of the information or documents during any proceeding in this action.

3.

Bard objects to the Notice to the extent it seeks information and/or documents that are not reasonably calculated to lead to the discovery of admissible evidence.

4.

Bard objects to the Notice to the extent it seeks or purports to seek documents that are in the possession of other parties/entities or in the public domain.  To the extent that Plaintiff is seeking documents which are readily available from other sources, Bard objects to such requests as unduly burdensome.

5.

Bard objects to the Notice to the extent it seeks confidential documents or information of persons or entities who are not parties to this action and/or that is protected from disclosure pursuant to the patient/physician privilege relationship and/or federal or state authority and regulatory law including, without limitation, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 164.500, et seq.

6.

Bard objects to the Notice to the extent it seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial information of any third party who has provided information with the expectation of confidentiality.

7.

Bard objects to the Notice to the extent it seeks the production of documents and/or information related to medical devices other than the Bard Align To and Avaulta Solo devices implanted in Plaintiff in this case on the grounds that such documents and information are not relevant to the claims and defenses asserted by the parties to this case, are not proportional to the needs of this case, and may contain protected information. *See also* Fed. R. Civ. P. 26 and General Objection No. 5 above.

8.

In responding to the requests contained in the Notice, Bard does not waive the right to challenge the relevancy, materiality, and admissibility of the information sought or documents provided or to object to the use of any materials provided in any subsequent proceedings or trials.

**SPECIFIC RESPONSES AND OBJECTIONS**

Subject to and without waiving the foregoing General Objections, which are hereby specifically incorporated into each of the following responses as if set forth verbatim therein, Bard responds to each individually numbered paragraphs of Exhibit A of the Notice as follows:

**Request No. 1**

*Current Copy of CV.*

**Response to Request No. 1**:

In addition to and without waiving any of the foregoing General Objections, Bard states that it has no further objections to this Request.

**Request No. 2**

*Medical Chart related to Plaintiff.*

**Response to Request No. 2**:

Bard objects to this Request on the grounds that it is vague, ambiguous, and does not describe the requested documents with reasonable specificity. Bard further objects to this Request to the extent that it seeks or purports to seek privileged communications, if any, between this treating physician and his counsel. Subject to and without waiving this objection and the General Objections stated above, Bard has no further objections to this Request.

**Request No. 3**

*All promotional materials in your possession specifically on C.R. BARD transvaginal mesh devices.*

**Response to Request No. 3**

Bard objects to this Request to on the grounds that it is overly broad and not reasonably limited in time or scope to the Bard device implanted in Plaintiff and therefore seeks documents that are neither relevant to the claims and defenses asserted by the parties to this case nor proportional to the needs of this case. Subject to and without waiving any of the General Objections stated above, Bard has no objection to this Request to the extent that it seeks the production of promotional materials relating to the Bard Align TO and Avaulta Solo devices implanted in Plaintiff in this case.

This 5th day of June, 2019.

                          GREENBERG TRAURIG, LLP

                          */s/ Lori G. Cohen*
                          Lori G. Cohen, Esq.
                          Georgia Bar No. 174455
                          Terminus 200
                          3333 Piedmont Road NE, Suite 2500
                          Atlanta, Georgia 30305
                          Tel: 678-553-2100
                          Fax: 678-553-2212
                          cohenl@gtlaw.com
                          *Attorney for C. R. Bard, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

> */s/ Lori G. Cohen*
> Lori G. Cohen, Esq.
> Georgia Bar No. 174455
> GREENBERG TRAURIG, LLP
> Terminus 200
> 3333 Piedmont Road NE
> Suite 2500
> Atlanta, Georgia 30305
> Tel: 678-553-2100
> Fax: 678-553-2212
> cohenl@gtlaw.com
> *Attorney for C. R. Bard, Inc.*